No. 26,351.

THE PRIDDY-MAER ELEVATOR COMPANY, *Appellee*, v. E. T. WENZEL
and RICHARD FINDEISS, *Appellants*.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Best Evidence Rule—Duplicate Carbon Copies.* In an action by
a commission company to recover for handling and selling cane seed it was
not error to admit in evidence duplicate or carbon copies of statements
prepared by the bookkeeper showing the amount advanced on the seed to
the consignor, the amount for which it was sold, and the difference due
either party from the transaction where the other or original copies of the
statements had been mailed to the consignor at the time, even though some
of the items contained in such statements were taken from the company's
books where it was also shown that the bookkeeper kept all the records,
made out all statements, attended to correspondence, kept account of the
seed received, of the amount on hand, sold the seed at retail at the ele-
vator, and attended to practically all the details of the business except the
manual labor in handling the seed, and who testified from personal knowl-
edge, giving details of each of the transactions mentioned in the statements
introduced, and while so testifying referred to the books themselves.

2. FACTORS—*Action for Compensation.* Various alleged errors considered and
held to be without substantial merit.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK,
judge. Opinion filed March 6, 1926. Affirmed.

*J. Graham Campbell* and *Ray Campbell,* both of Wichita, for the appellants.

*J. W. Blood,* of Wichita, and *G. A. Stultz,* of Kansas City, Mo., for the ap-
pellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by a commission company to
recover for storing, handling and selling cane seed, for shrinkage
thereon, and for advancements in excess of the selling price. Plain-
tiff prevailed, and defendants appeal.

Plaintiff is a Texas corporation, engaged in handling and selling
grain seed, on commission and otherwise, and in operating an ele-
vator and warehouse at Fort. Worth, Tex. Defendants are copart-
ners, engaged in buying, shipping and selling grain seed, at Wichita,
Kan. In November, 1922, the parties entered into an oral contract
whereby the defendants were to ship to plaintiff cane seed in carload
quantities to be unloaded in plaintiff's elevator, cleaned, prepared for

Appeal and Error, 4 C. J. pp. 1130 n. 63, 1166 n. 77. Evidence, 22 C. J. p.
1067 n. 49; 12 L. R. A. n. s. 343; 10 R. C. L. 924. Factors, 25 C. J. p. 407 n. 82.

market and sold by the plaintiff. Defendants agreed to pay plaintiff storage, handling charges and a commission of five cents per 100 pounds on all cane seed sold by it, the plaintiff to pay the freight and charge to defendants, and to advance certain sums on the seed as it was received. Commencing in November, 1922, defendants, at intervals, shipped to plaintiff nineteen cars of cane seed, and drew on plaintiff for its estimated value. Plaintiff accordingly received and handled the seed. Advances were made on the basis of weights when received. Plaintiff rendered statements to defendants showing charges due for interest, storage, cleaning, differences between advances and the amount for which it sold the seed, etc. Much telephoning, wiring and correspondence took place between the parties. Possible sales were lost because defendants, who controlled prices at which the seed was to be sold, would not meet competition. Discord arose between the parties, and June 8, 1923, plaintiff filed this action to recover $6,984.60 and interest. The items claimed were for interest, storage, freight, shrinkage, and handling charges; also advancements made over and above the amount realized from the sale of the seed. Trial to a jury resulted in a general verdict for plaintiff for $7,013.11. Answers to special questions detailed the items included in the general verdict.

The defendants contend that the court erred in the admission of evidence. Plaintiff's petition contained an itemized statement showing the items claimed. The defendants' answer admitted the advancements and freight charges. On the trial plaintiff qualified its bookkeeper (Miss Straiton), who handled the details of the business. She testified that she kept all records and books for plaintiff, made out all statements, figured interest, attended to correspondence, sold seed at retail at the elevator, ordered shipments out, kept track of inbound seed, of amount of stock on hand, sales therefrom, and attended to practically all details of the business except the manual labor. She testified from personal knowledge of the transactions. She had the plaintiff's books with her, and while testifying referred to them. She testified to the details of the various transactions; that when a sale was made an invoice was made to the customer and from it a credit memorandum, showing the amount advanced on that particular lot of cane seed, the amount for which plaintiff sold it, and the difference due either to plaintiff or defendants from the transaction; that the original of this memorandum was mailed to the defendants; that the plaintiff retained the duplicate, or carbon, copy. This is the carbon, or duplicate, offered and received in evi-

dence to which the defendants object. On cross-examination it was shown that inbound seed was weighed by the weighmaster (plaintiff's superintendent); that the weights were copied into a stock book from the weight certificates, and that the data contained in the statements sent by Miss Straiton to the defendants was copied from the stock book. She had the stock book with her in court. She also testified that the original weight certificates were sent to the defendants, plaintiff retaining the carbon copy thereof. These carbons also were offered and received in evidence.

It would serve no useful purpose to detail all of the evidence. The various claims were proven up in substantially the manner above indicated.

The defendants argue that the retained copies, which were offered and received in evidence, were not the best evidence because not original entries; that they were self-serving statements prepared by the plaintiff, and secondary evidence only. We conclude that some were duplicates (carbons) of original entries sent to the defendants. Others were not. Under all the circumstances, we do not regard them as having been prejudicial or improper. Miss Straiton had charge of the transactions, she made the advancements to the defendants (which were admitted), the exhibits introduced were largely the original statements of the items kept by her as bookkeeper, duplicates of which were mailed to defendants. She testified from her personal knowledge that they were true and correct. Plaintiff's method of proof was, in a sense, irregular. It did not follow the old, well-known and usually followed path. It was a "short cut," "across lots" to the objective. The plaintiff was not entirely to blame because of the method adopted. While the defendants, at times, objected strenuously to the manner in which proof was offered, at other times they endeavored to assist in arriving at the truth of the matter by the most direct route. For instance, in his opening statement to the jury, defendants' counsel said: "There are some items of interest about which there is no dispute. We will admit the interest items at eight per cent, or whatever it was, as shown in your petition." During the examination of a witness, this colloquy occurred:

"Mr. Campbell: If your Honor please, to shorten this up, it seems to be quite lengthy, we will admit that where the witness refers to carbon copies, that they may go in as carbon copies without going through the fact that it was mailed and so forth. It will shorten a lot of this testimony as to details.

"The Court: Very well."

It does not appear that the books were actually introduced in evidence, but they were there, were examined by the defendants, were available, and were used by plaintiff's witness in testifying to the facts of which she had personal knowledge. It appears that the statements sent by plaintiff to the defendants, of which duplicates were offered in evidence, were identical with the items appearing in the books from which she testified. The best evidence by which a fact may be proven should be used. But it is of importance that the truth be developed in the simplest manner without regard to impractical technicalities. While rules of evidence should be followed, they are not themselves the end to be attained. They are only the means to the end. The statute provides that:

"Entries in books and other writings intended as records of sales, purchases, receipts, payments, deliveries, weights, measures, time, transactions, or events, made in the regular course of business of any person, firm, corporation or public officer, as a record of the matters to which they relate, at or near the time of the transaction, or occurrence, shall be admissible in evidence on proof that they were so made." (R. S. 60-2869.)

We are of opinion that the "writings" of the "transactions" received in evidence were neither prejudicial nor improper.

Specific objection was made to plaintiff's evidence showing shrinkage. It appears that the cane seed, when received by the plaintiff, was bulk country run. It was necessary to clean it in order to make it salable, and in so cleaning it there was an average shrinkage of 2.45 per cent. What has been said with reference to the admissibility of the evidence disposes of defendant's contention in this regard.

It is contended that a letter written by defendants to plaintiff after service of summons was inadmissible and prejudicial. The letter contained the statement:

"We are going to make you wait good and long for your money if we owe you anything."

We do not regard the letter as having prejudiced the rights of defendants. Besides, subsequent events indicate the statement to have been one of fact.

The jury made a mistake in one of its findings which was corrected by the court. This was not, in our opinion, sufficient to show that the verdict of the jury was given under the influence of passion and prejudice. Other alleged errors have been considered, but we discover none that would warrant a reversal.

The judgment is affirmed.